STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    Docket No. CV-03-353

FILED & ENTERED
SUPERIOR COURT
SEP 10 2004
PENOBSCOT COUNTY

DEANNA LIZOTTE,              )
            Plaintiff,       )
                             )
                             )
                             )
        v.                   )        **DECISION AND JUDGMENT**
                             )
                             )
                             )
DOUGLAS OUELLETTE,           )
            Defendant.       )                      SEP  5  2004

The Plaintiff commenced this action seeking damages against the Defendant for allegedly unworkmanlike repairs to parts of her residence in Glenburn, Maine, in 2003. She alleges that the Defendant used inappropriate materials and unworkmanlike methods which resulted in leaks which caused damage to the interior of the structure. Plaintiff has couched the first two counts of her Complaint in breach of contract and the breach of warranty. She has also included a count alleging violation of the Home Construction Contract Act, 10 M.R.S.A. §1487 *et seq.*

Plaintiff purchased her residence in 2001. She noted that the rear of the structure had roofing shingles which appeared older than those on the front. She states that she sought the Defendant's roofing services because she wanted the rear to match the front. She denies that the structure suffered from any leaks or other deficiencies at the time.

Defendant provided the Plaintiff with a "proposal" (Plaintiff's exhibit 1). Although the Plaintiff never signed the document, it is clear that the parties considered the proposal to be accepted and Plaintiff paid to Defendant $1,100 in December, 2002, to start the job. Defendant started the work in the Spring of 2003 and finished in May. Plaintiff paid the Defendant the remainder of the contract price ($1,100).

Plaintiff testified that she later learned of several deficiencies in Defendant's work. She reports holes in the exterior of the house which go right through to the interior. There is no flashing above the porch. There is no flashing around the chimney.

Plaintiff reports extensive difficulty with mold and rot and offers pictures of several problem areas within the house. A rug was destroyed. She attributes these problems to water infusion resulting from the Defendant's allegedly improper work.

Defendant reports seeing extensive evidence of leaks when he first examined the Plaintiff's house prior to entering into the contract.. He asserts that he was hired for a specific task – to install roofing. He testified that he did so. He stated that he was not hired to install siding or otherwise to make repairs beyond those specified in the contract. He vehemently states that he did not make the holes which are evident in

Plaintiff's Exhibits 2,3,4, and 5. Although he did not install continuous flashing in all locations, he did install water and ice shield and step flashing.

The Plaintiff's presentation was complicated by the fact that her expert witness did not attend trial after representing that he would do so. No subpoena was issued to him – justifiably so as counsel had conversations with him as the trial grew imminent and the expert expressed his clear intention to attend. Despite considerable effort on the day of trial, and after a recess to attempt to locate the individual, no adequate explanation was obtained for his absence. Plaintiff offered a detailed narrative offer of proof so the court is aware of the content of this individual's testimony. Plaintiff moves to continue the matter to obtain the expert's attendance. Defendant moves for judgment pursuant to Rule 50(d).

The court finds upon the existing evidence that the leakage, mold and rotting conditions in the Plaintiff's house all predated, in some fashion, the Defendant's work. The court finds Defendant's testimony to be credible upon this point.[1] Indeed, the photographs tend suggest conditions which did not occur overnight. While the Defendant's efforts may not have eradicated the problems, it is equally clear to the court that they did not cause them.[2]

In sum, it appears that the parties contracted for the performance of some roofing services by the Defendant. He provided such and was compensated according to the terms of the contract. Even accepting the Plaintiff's offer of proof at face value, the court cannot find a causal nexus between any acts of the Defendant and the damage claimed by the Plaintiff. As such, Plaintiff's motion to continue is denied. Defendant's motion for judgment is granted. Defendant's motion to amend is denied as moot.

Judgment is rendered in favor of the Defendant on the Complaint and he is awarded his costs.

The Clerk may incorporate this Order upon the docket by reference.

Dated: September 10, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[1] Defendant's testimony is bolstered by the evidence. The photographs suggest no reason why the Defendant would have made the holes shown in Plaintiff's exhibits 2,4, and 5, as part of his repair efforts.

[2] As the Plaintiff testified that the problems did not exist before the work was undertaken, she is hard pressed to assert that Defendant was hired to fix them.

DEANNA LIZOTTE  - PLAINTIFF
1330 PUSHAW ROAD
GLENBURN ME 04401
Attorney for: DEANNA LIZOTTE
JON HADDOW
FARRELL ROSENBLATT & RUSSELL
PO BOX 738
BANGOR ME 04401-0738

**DOCKET RECORD**

vs

DOUGLAS OUELLETTE   - DEFENDANT
1825 PUSHAW ROAD
GLENBURN ME 04401
Attorney for: DOUGLAS OUELLETTE
GARY J NORTON
NORTON LAW OFFICES
SUITE 210, KEY PLAZA
23 WATER STREET
BANGOR ME 04401-4378

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 07/25/2003

# Docket Events:

07/25/2003 FILING DOCUMENT - COMPLAINT FILED ON 07/25/2003

07/25/2003 Party(s):  DEANNA LIZOTTE
           ATTORNEY - RETAINED ENTERED ON 07/25/2003
           Plaintiff's Attorney: JON HADDOW

08/04/2003 Party(s):  DOUGLAS OUELLETTE
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/01/2003
           Plaintiff's Attorney:  JON HADDOW

08/04/2003 Party(s):  DOUGLAS OUELLETTE
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 07/28/2003
           ON DEFENDANT, DOUGLAS OUELETTE IN HAND.

08/21/2003 Party(s):  DOUGLAS OUELLETTE
           RESPONSIVE PLEADING - ANSWER FILED ON 08/18/2003
           Defendant's Attorney: GARY J NORTON

08/21/2003 Party(s):  DOUGLAS OUELLETTE
           ATTORNEY - RETAINED ENTERED ON 08/18/2003
           Defendant's Attorney: GARY J NORTON

10/03/2003 Party(s):  DOUGLAS OUELLETTE
           LETTER - FROM PARTY FILED ON 10/01/2003
           Defendant's Attorney: GARY J NORTON
           REQUESTING COPIES OF COMMUNICATION FROM HIS ENTRY OF APPEARANCE.

03/30/2004 Party(s):  DEANNA LIZOTTE
           LETTER - FROM PARTY FILED ON 03/30/2004
           Plaintiff's Attorney:  JON HADDOW